Argued December 11, affirmed December 19, 1951

## KUEHN *v.* BENNETT ET AL.
### 238 P. 2d 787

*David M. Spiegel* argued the cause for appellant. On the briefs were Lenske, Spiegel, Spiegel, Martindale & Lezak, of Portland.

*Howard K. Beebe,* of Portland, argued the cause for respondents. With him on the brief were Walter J. Cosgrave, of Portland, and Maguire, Shields, Morrison & Bailey, of Portland.

Before HAY, Acting Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

## LATOURETTE, J.

Action by plaintiff, Fay L. Kuehn, against Alton H. Bennett et al., for personal injuries received by plaintiff's slipping on a crushed candy wrapper lying on the power room floor of defendants' theater. The trial court granted defendants' motion for an involuntary nonsuit. Plaintiff appeals.

The evidence shows that the defendant conducted the Ames Theatre in the city of Portland, and that the accident happened about 11 p.m. after the last show was concluded. In the lobby of the theater, defendants operated a candy counter, with a receptacle for gathering waste paper placed at the end of the counter. The powder room was off and adjacent to the lobby. That evening the theater was filled with patrons. At the conclusion of the performance, plaintiff entered this powder room and approached the mirror to adjust her bandana. Preparatory to such adjustment, her foot slipped on a crumpled piece of candy wrapper, projecting her astraddle the arm of a chair, which injured her.

Plaintiff, according to the authorities, was an invitee on defendants' premises, and defendants owed her only the duty of exercising reasonable care under the circumstances but were not insurers of her safety. Assuming, but not deciding, that liability would attach in a case of this kind, defendants would not, in any

event, be liable unless they placed the candy wrapper in the powder room, or, if a third party placed it there, they had actual knowledge of its presence, or constructive notice of the same, from the fact that it had remained in such place for a sufficiently long time that knowledge thereof would be imputed to them. *Lee v. Meier & Frank Co.,* 166 Or 600, 114 P2d 136; *Morrison v. Pacific Nw. Pub. Ser. Co.,* 146 Or 225, 30 P2d 344, and cases cited therein.

■ In the instant case, there is no evidence that the candy wrapper in the powder room originated at defendants' candy counter, nor that defendants placed such paper in the powder room, nor that they had any knowledge of its existence therein, nor of the length of time which the paper reposed on the floor. For aught that appears, it may have been deposited there by outsiders, and it may have been there only a short time.

The cases cited by plaintiff are not in point. *Champlin Hardware Co. v. Clevinger,* 158 Okla 10, 12 P2d 683, involved an accident in which plaintiff was struck by a golf club wielded by a patron in defendant's golf shop. *Arneil v. Schnitzer,* 173 Or 179, 144 P2d 707, had to do with escaping fire from the premises of the defendants. *Saunders v. Williams & Co.,* 155 Or 1, 62 P2d 260, revolved around plaintiff's slipping on oil deposited on the floor of defendant's premises by defendant.

The closest approach to plaintiff's case is *Lonatro v. Palace Theatre Company,* 5 La App 386. There, a soda pop bottle was projected from a balcony onto the head of a patron occupying a seat on the lower floor. The management sold soda pop in bottles and permitted its patrons to take the bottles to their seats with them. It is alleged that the management sold to

a patron the soda pop bottle in question and could have first emptied the contents into a paper drinking cup and given the patron the cup and contents and could have thereby avoided the accident, and that thereafter such a procedure was employed. The matter was adjudicated on the sufficiency of the complaint. The court held that the complaint was sufficient and that defendant could easily have guarded against the accident which could have been reasonably foreseen. The court there further held that res ipsa loquitur applied as in railroad cases. The doctrine of res ipsa loquitur, under such a set of facts, would not apply in Oregon because the instrumentality was not under the exclusive control of the defendant, there being an intervening agency. Irrespective of the latter, a potentially dangerous instrumentality was placed in the hands of the patrons, and the facts are entirely different from those in the instant case.

AFFIRMED.

TOOZE, J., specially concurring.

I concur in the result reached in the majority opinion. However, I find myself unable to subscribe to that portion of the opinion reading as follows:

> "Assuming, but not deciding, that liability would attach in a case of this kind, defendants would not, in any event, be liable unless they placed the candy wrapper in the powder room, or, if a third party placed it there, they had actual knowledge of its presence, or constructive notice of the same, from the fact that it had remained in such place for a sufficiently long time that knowledge thereof would be imputed to them."

In the first place, I deem the foregoing statement to be pure dictum and wholly unnecessary to a decision in this case. In the second place, I feel that it is the

function of this court to finally decide matters properly before it, not to make unnecessary assumptions of fact or law. Such a procedure does not add anything to the law, nor does it serve as a guide to anyone.

Furthermore, it is my opinion that under no circumstances could liability attach in a case of this kind, and the court should so hold. No other reason for the decision need be assigned. Such a holding would not only be strictly in keeping with well-established principles of law as announced in numerous decisions of this court, some of which are cited in the majority opinion, but at the same time it would serve in the future as a deterrent against the bringing of actions possessing no more merit in fact or in law than is found in the instant case.

WARNER, J., concurs in this opinion.